# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Joe Murdaugh,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,[1]<br><br>    Respondents. | No. CV 09-831-PHX-CKJ<br><br>DEATH PENALTY CASE<br><br><br>**ORDER OF APPOINTMENT<br>AND GENERAL PROCEDURES** |

**IT IS ORDERED** that Petitioner's Motion for Appointment of Counsel (Dkt. 4) is **GRANTED**. Jon M. Sands, Federal Public Defender for the District of Arizona, is appointed as Counsel for Petitioner in this federal habeas corpus proceeding. The Federal Public Defender is authorized to designate an Assistant Federal Public Defender to handle the case. Appointment is made pursuant to 18 U.S.C. § 3599(a)(2). Without express authorization of the Court, counsel shall not represent Petitioner in state forums.

**IT IS FURTHER ORDERED** that Petitioner's application to proceed *in forma pauperis* (Dkt. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the designated Assistant Federal Public Defender shall file a notice of appearance with the Court within **ten (10) days** from the entry of this Order.

---

[1] Charles L. Ryan, Director of the Arizona Department of Corrections, is substituted for his predecessor pursuant to Fed. R. Civ. P. 25(d)(1).

**IT IS FURTHER ORDERED** that the Arizona Attorney General shall file a notice of appearance with the Court within **ten (10) days** from the entry of this Order.

**IT IS FURTHER ORDERED** that, in an effort to achieve greater uniformity in the treatment of federal capital habeas corpus cases in this District and to inform counsel in advance of the Court's expectations, the following procedures shall govern the briefing and resolution of this matter:

I. <u>Case Management Conference (CMC)</u>

A case management conference will be held on **Wednesday, May 27, 2009, at 2:00 PM in Courtroom 506, Sandra Day O'Connor United States Courthouse**. Non-local counsel may, if requested, appear by telephone. Any request to appear by telephone must be filed at least ten (10) days prior to the scheduled conference. Prior to the conference, Petitioner's counsel is expected to personally meet with Petitioner and to review any published court rulings in Petitioner's case. Counsel is further expected to contact Petitioner's state court counsel to obtain preliminary information about the case and to begin assembly of prior counsel's files and records from the state proceedings. Absent a motion detailing significant delays, problems, or obstacles encountered in obtaining copies of pertinent files and records, the Court will not assist directly in obtaining such materials.

At the conference, Petitioner's counsel will be expected to discuss the status of file and record assembly and any problems encountered in that regard, whether assistance regarding the record is needed from Respondents or the Court, and the estimated time needed to complete review of the file and record. Both parties should be prepared to articulate their positions regarding the statute of limitations and to discuss any other issues which may affect the filing of the Petition or efficient resolution of this matter.

Following the conference, the Court will issue a Case Management Order scheduling CMC #2. At CMC #2, the Court will set **firm deadlines** for the filing of the Petition, responsive pleadings, motions for evidentiary development, and other pleadings as the Court may deem necessary. Absent extraordinary circumstances justifying a continuance, the parties are expected to adhere to the deadlines set at CMC #2.

## II. Petition

Pursuant to 28 U.S.C. § 2244, a second or successive petition may not be filed in this Court without prior authorization from the Ninth Circuit. Under § 2244(b)(3)(C), the grounds for obtaining such authorization are extremely limited. Consequently, it is incumbent upon Petitioner to raise in his first petition all known claims of constitutional error or deprivation, setting forth "the facts supporting each ground" for habeas relief. *See* Rule 2(c), 28 U.S.C. foll. § 2254. In addition to the requirement of Local Rule Civil 7.1, the Petition shall:

(1) separately enumerate in a sequential manner *every* claim for federal habeas corpus relief (including each individual claim of ineffective assistance of counsel);

(2) set forth, in a clear and concise manner, including full citations to the appropriate portions of the record and application of the appropriate standards of review under 28 U.S.C. § 2254(d), the legal and factual basis for each claim for relief; and

(3) state with specificity when and where each claim for relief was presented to or considered by the Arizona Supreme Court.

## III. Answer

After the Petition is filed, Respondents shall file an Answer. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondents' Answer shall specifically respond to each of the allegations contained in the petition. In lieu of motions for summary judgment and motions to dismiss, the Answer shall be a comprehensive responsive pleading, addressing both the factual allegations and legal contentions raised in the Petition as well as any procedural defenses with respect to individual claims. Accordingly, Respondents shall address the merits of every enumerated claim, regardless of whether Respondents allege a claim is barred from review by the federal court.

Respondents are advised that Petitioner is obligated under Rule 2(c) of the Rules Governing Section 2254 Cases to include in his Petition all known claims for relief and facts in support thereof. Accordingly, the Court will not entertain motions to strike any portion of the Petition or exhibits thereto on the basis that such facts were not developed in state court. Rather, Respondents' arguments concerning factual development should be included

in the Answer as well as the response to any motion for evidentiary development filed by Petitioner.

### IV. Reply

Petitioner shall file a Reply to Respondents' Answer. The Reply shall respond to Respondents' allegations regarding both procedural defenses and the merits of each enumerated claim. In addition, Petitioner shall affirmatively raise in the Reply any arguments concerning availability of state remedies, cause and prejudice, fundamental miscarriage of justice, and/or equitable tolling in response to any allegations by Respondents of procedural or timeliness bars. The Reply shall not be used to raise new claims or new material facts in support of existing claims.

### V. Evidentiary Development

Following the filing of the Petition, Answer, and Reply, Petitioner will be provided an opportunity to file a motion for evidentiary development. Such motions include, but are not limited to, requests for Discovery, Expansion of the Record, and Evidentiary Hearing under Rules 6, 7, and 8 of the Rules Governing Section 2254 Cases. A motion for evidentiary development shall not recite legal authority on the merits or present new material facts in support of the claims raised in the petition; nor shall the motion raise new claims for habeas relief. Rather, the motion shall be limited to the identification of the claims for which development is sought, the evidence or facts sought to be developed, and the applicable standards governing evidentiary development. To this end, any motion for evidentiary development shall:

1. not exceed sixty (60) pages cumulatively (excluding appendices);[2]
2. identify the enumerated claim(s) Petitioner contends need further factual development;
3. provide an offer of proof (i.e., declarations, documentary evidence, summaries of proposed testimony) setting forth the facts to be developed and the source of the proffered evidence; and

---

[2] Responses to motions for evidentiary development shall not exceed sixty (60) pages cumulatively, and replies shall not exceed forty (40) pages cumulatively.

- 4 -

(4) apply the applicable standards for obtaining evidentiary development, including an explanation of why the claim was not developed in state court and why the failure to develop the claim in state court was not the result of lack of diligence, in accordance with 28 U.S.C. § 2254(e)(2) and *Williams v. Taylor*, 529 U.S. 420 (2000).

Any motion for evidentiary development that is filed prior to the filing of Respondents' Answer or that fails to address the above-listed requirements will be summarily denied.

### VI. State Court Record

It is the custom in this District for the federal habeas court, following the filing of Respondents' Answer, to *sua sponte* request a certified copy of the state court record from the Arizona Supreme Court. This record ordinarily contains all trial and post-conviction transcripts. Therefore, the Court relieves Respondents of their obligation under Rule 5(c) of the Rules Governing Section 2254 Cases to provide the trial transcripts. Although the record provided by the Arizona Supreme Court also includes all trial, appeal, and post-conviction filings, the Court directs Respondents to comply with Rule 5(d) of the Rules Governing Section 2254 Cases in filing their Answer. In addition, for ease of citation, the Court encourages the parties to provide in an appendix any additional parts of the state court record that the parties believe are relevant to resolving allegations in the Petition, Answer, Reply, and/or evidentiary development motion briefing.

### V. Electronic Case Filing

Pursuant to Section II.D.3 of the Electronic Case Filing Administrative Policies and Procedures Manual, a paper courtesy copy of any electronically-filed document exceeding ten (10) pages in length that would normally be sent to the assigned judge shall instead be directed to the "Capital Case Staff Attorney Office." For the following specific documents, in lieu of providing copies to the assigned judge, the parties shall provide **TWO** paper courtesy copies to the Capital Case Staff Attorney: Petition, Answer, Reply, Motion for Evidentiary Development, and evidentiary development responsive briefs.

Any filing that exceeds 50 pages in length, including appendices, shall be spiral bound

on the left and shall include a table of contents, an exhibits list, and tabs between exhibits.

    VI.    Miscellaneous

In addition to the requirements of Local Rule Civil 7.1, the following shall apply to any filing in this matter:

    (1)    The parties shall not include photographs, charts, or graphs in the body of any pleading. Any such exhibit must be contained within an appendix to an appropriate pleading.

    (2)    The parties shall not refer to either party by informal first name only. All references to a party shall be by last name, by governmental name (i.e., "State") or by formal title, such as "Petitioner" or "Respondents."

**IT IS FURTHER ORDERED** that this case, having been randomly reassigned, by lot, to **Judge Frederick J. Martone**, pursuant to Local Rule Civil 3.8, shall be redesignated as **No. 09-831-PHX-FJM**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall, pursuant to Fed. R. Civ. P. 25(d), substitute, as a Respondent, Charles L. Ryan for Dora B. Schriro as Director of the Arizona Department of Corrections.

**IT IS FURTHER ORDERED** that a copy of this Order be served by the Clerk of Court upon Respondents Charles L. Ryan and William White and upon Kent Cattani, Assistant Arizona Attorney General, pursuant to Rule 4, Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order to Petitioner Michael Joe Murdaugh, ADOC # 162753, P.O. Box 3400, Florence AZ 85232.

DATED this 23rd day of April, 2009.

_____
Cindy K. Jorgenson
United States District Judge