# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Joe Murdaugh, | No. CV 09-831-PHX-FJM |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| vs. | |
| | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Before the Court is Petitioner's motion for a 60-day extension of time to file his reply to Respondents' answer to Petitioner's § 2254 petition. Petitioner asserts that the additional time is necessary "primarily in order to complete the fact investigation of his habeas petition." (Dkt. 39 at 2.) He further asserts that the Court's briefing schedule is unreasonable because it failed to provide him a full year to prepare his habeas petition. (*Id.*) Respondents oppose the request. (*Id.* at 1.)

A district court "has significant discretionary authority to set and enforce filing deadlines in accordance with the Federal Rules of Civil Procedure, even when those deadlines are difficult for lawyers to meet." *Perez-Cordero v. Wal-Mart P.R.,* 440 F.3d 531, 533 (1st Cir. 2006); *see also United States v. W.R. Grace*, 526 F.3d 499, 515 (9th Cir. 2008) (noting that government's discretion to investigate and present its case does not override district court's authority to manage the case, including setting deadlines). Petitioner cites no controlling authority that the habeas limitations period trumps this Court's discretion to set

case management deadlines. In *Royal v. Taylor*, 188 F.3d 239, 249-50 (4th Cir. 1999), on which Petitioner relies, the court did not reach the issue of whether it was error not to provide the petitioner the full limitations period to prepare his petition, ruling instead that "[a]ny error was harmless."

Although Petitioner complains that the Court's briefing schedule has made it difficult to pursue every avenue of investigation he believes is warranted, he was able nonetheless to timely submit a 285-page petition for habeas relief supported by 157 exhibits. Respondents likewise timely filed their answer. Petitioner has identified no specific basis to support a finding that additional time is necessary for preparation of the reply to Respondents' answer; therefore, the request is denied.

Based on the foregoing,

**IT IS ORDERED** that Petitioner's Motion to Continue Reply to Answer to Petition (Dkt. 39) is **DENIED**.

DATED this 17th day of December, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -