**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Joe Murdaugh, | No. CV 09-831-PHX-FJM |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| vs. | |
| | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Before the Court is Petitioner's motion for a 77-day extension of time to file his motions for evidentiary development. Petitioner asserts that the additional time is necessary "to complete a psychological and neuropsychological evaluation and the mitigation fact investigation of his habeas petition." (Dkt. 46 at 2.) Respondents oppose the request. (*Id.* at 1.)

The Court's briefing schedule was set at a case management conference held on May 27, 2009. At that time, the Court indicated that it expected the parties to adhere to this schedule, absent a showing of extraordinary circumstances. (Dkt. 18 at 2.) Nevertheless, this is Petitioner's third request for an expansion of that schedule. As with his earlier motions, Petitioner does not identify extraordinary circumstances. Rather, he argues primarily that the Court's briefing schedule is unreasonable because it failed to provide him a full year to conduct investigation and prepare his habeas petition. (Dkt. 46 at 3-4.) Indeed, it appears from the instant request for an additional 77 days that Petitioner is attempting to have the

evidentiary motions deadline coincide with expiration of the limitations period.

Once a party has invoked the jurisdiction of a federal district court, that court "has significant discretionary authority to set and enforce filing deadlines in accordance with the Federal Rules of Civil Procedure, even when those deadlines are difficult for lawyers to meet." *Perez-Cordero v. Wal-Mart P.R.,* 440 F.3d 531, 533 (1st Cir. 2006); *see also United States v. W.R. Grace*, 526 F.3d 499, 515 (9th Cir. 2008) (noting that government's discretion to investigate and present its case does not override district court's authority to manage the case, including setting deadlines). Petitioner's repeated attempts to suggest otherwise are not well grounded and instead evince a consistent refusal to abide by the Court's case management order.

This Court set reasonable deadlines for preparation of the pertinent pleadings in this matter. In accordance therewith, Petitioner has filed a 285-page petition supported by 157 exhibits, Respondents have filed a 190-page answer, and Petitioner has filed a 116-page reply supported by 298 exhibits. Although Petitioner complains that his investigation is incomplete, he neither identifies extraordinary circumstances warranting additional time nor articulates how any remaining investigative tasks inhibit his ability to prepare requests for evidentiary development. Accordingly, the request is denied.

Based on the foregoing,

**IT IS ORDERED** that Petitioner's Motion to Continue Motion for Evidentiary Development (Dkt. 46) is **DENIED**.

DATED this 19th day of January, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -